# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BLITZ, U.S.A., INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0256-CVE-PJC |
| | ) | |
| **LIBERTY SURPLUS INSURANCE** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Verified Motion for Emergency Decree of Specific Performance or Alternative Injunctive Relief (Dkt. # 5) and Defendant Liberty Surplus Insurance Corporation's Motion to Strike Plaintiff's Verified Motion for Emergency Decree of Specific Performance or Alternative Injunctive Relief Evidence (Dkt. # 28). Plaintiff Blitz, U.S.A., Inc. (Blitz) requests a preliminary injunction requiring defendant Liberty Surplus Insurance Corporation (Liberty) to defend and/or indemnify Blitz for any settlement or judgment in Gaddy v. Blitz, U.S.A., Inc., 09-CV-052 (E.D. Tex.) (Gaddy), and Blitz also seeks interim declaratory relief asking the Court to preliminarily interpret the parties' insurance contract. Liberty responds that Gaddy has been settled and plaintiff's motion for emergency injunctive relief is moot. Blitz replies that there is still a dispute between the parties as to Blitz's request for interim declaratory relief, and that the Court should consider the merits of Blitz's motion. Liberty has also filed a motion (Dkt. # 28) to strike Blitz's motion for emergency injunctive relief.

Liberty issued a commercial general liability policy to Blitz and the policy requires Blitz to pay a $1,000,000 self-insured retention per claim before Liberty is obligated to defend or indemnify

Blitz. Dkt. # 27-2, at 4. The policy states that "the Self-Insured Retention amount applies to all damages and costs of investigation and defense . . . covered under this policy as a result of any one 'occurrence' . . . ." Id. at 5. Blitz was named as a defendant in several products liability cases, including Gaddy, and Blitz states that it believed it was necessary to obtain the services of a "nationally recognized law firm to serve as coordinating and lead counsel in such litigation." Dkt. # 1, at 4. Blitz incurred substantial legal fees with several law firms and requested that Liberty assume responsibility for Blitz's legal bills, under Blitz's arrangement with its chosen counsel, in Gaddy and other cases.[1] Liberty states that it requested additional information about the legal fees incurred by plaintiff in an attempt to determine if all of the legal fees were applicable to Gaddy and if the costs were covered by the policy, and Liberty claims that Blitz has not complied with its requests for additional documentation.[2] Dkt. # 26, at 12. Blitz filed this case in the United States District Court for the Northern District of Texas, alleging that Liberty breached an insurance contract and acted in bad faith by failing to provide a defense or pay litigation costs in four lawsuits against Blitz. Dkt. # 1.

---

[1] Liberty claims that Blitz agreed to pay Shook Hardy & Bacon, L.L.P. a $390,000 fixed fee for "document assembly," a monthly fee of $83,333 to act as "National Litigation Counsel," and an hourly fee of up to $475 per hour for any work on one of the underlying cases against Blitz. Dkt. # 26, at 9. Liberty states that Blitz did not consult Liberty before entering this agreement with Shook Hardy & Bacon, L.L.P. and Blitz's conduct violated a litigation management plan previously agreed to by Blitz and Liberty. Id. at 8-9.

[2] Liberty states that the legal bills and expense reports produced by Blitz showed that Blitz incurred $3.5 million in legal fees and litigation expenses to defend itself from allegations that it intentionally destroyed evidence and charges that Blitz's employees altered records to avoid liability for violations of environmental regulations. Dkt. # 26, at 11. Liberty argues that Blitz is improperly attempting to seek reimbursement for such legal fees and expenses and/or include these amounts in the self-insured retention. Id. at 12.

Blitz subsequently filed a motion for "emergency decree of specific performance or alternative injunctive relief" as to Liberty's alleged failure to pay Blitz's litigation costs in Gaddy. Blitz requested the following relief in its motion for emergency injunctive relief:

(a) a decree of specific performance and/or temporary injunctive relief requiring [Liberty] to immediately assume responsibility for Blitz's defense in the *Gaddy* case, including payment of attorneys' fees and other costs of preparing for and conducting such defense, but barring [Liberty] from settling the claim without the participation and consent of Blitz;

(b) declaratory judgment that [Liberty] cannot control or dictate Blitz's conduct of the defense of a claim against Blitz without Blitz's self-insured retention or require Blitz to obtain [Liberty's] consent to expenses incurred in such defense, unless and until [Liberty] assumes responsibility for conducting and paying for such defense, whether before or after the retention is exhausted;

(c) declaratory judgment that Blitz is not bound by [Liberty's] "Litigation Management Program" in conducting the defense of claims against Blitz within its self-insured retention;

(d) declaratory judgment that Blitz has exhausted its self-insured retention on the *Gaddy* claim, thereby making [Liberty] responsible for the defense and indemnity (if any) in such matter until exhaustion of [Liberty's] policy limit; and

(e) all other relief to which Blitz may be entitled.

Dkt. # 5, at 6. The injunctive and declaratory relief sought by Blitz encompasses all such relief requested in the complaint. Dkt. # 1, at 9. Liberty responded to Blitz's motion and, inter alia, argued that Blitz's motion for emergency injunctive relief was moot due to the settlement of Gaddy. Dkt. # 26, at 24. Liberty has submitted a copy of a final judgment stating that Gaddy was dismissed by reason of settlement on March 2, 2011. Dkt. # 27-15. In addition to Blitz's motion for emergency injunctive relief, Liberty filed a motion to transfer the case to this Court. On April 27, 2011, the Northern District of Texas transferred the case to this Court, and the Northern District of

Texas reserved any ruling on Blitz's motion for emergency injunctive relief for this Court. Dkt. ## 38, 39.

A preliminary injunction is an "extraordinary equitable remedy designed to 'preserve the relative positions of the parties until a trial on the merits can be held.'" Westar Energy, Inc. v. Lake, 552 F.3d 1215, 1225 (10th Cir. 2009) (quoting Univ. Of Tex. v. Camenisch, 451 U.S. 390, 395 (1981)). To be entitled to a preliminary injunction, the moving party must establish the following:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Utah Licensed Beverage Ass'n v. Leavitt, 256 F.3d 1061, 1066 (10th Cir. 2001) (quoting SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991)); see also Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) ("It frequently is observed that a preliminary injunction is an extraordinary remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."). First, the Court must determine whether the plaintiff seeks a "specifically disfavored" type of preliminary injunction. See Schrier v. Univ. of Colo., 427 F.3d 1253, 1259 (10th Cir. 2005); O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004) (en banc). If an injunction fits into one of these three categories, it must be "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro, 389 F.3d at 975. The three types of disfavored preliminary injunctions are: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3)

preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." Id. A motion for preliminary injunction becomes moot when "the act sought to be enjoined has occurred." Transeuro Amertrans Worldwide Moving & Relocations Ltd. v. Conoco, Inc., 95 Fed. Appx. 288, 290 (10th Cir. Apr. 15, 2004);[3] see also Securities and Exchange Commission v Pearson, 426 F.3d 1339 (10th Cir. 1970) ( "[W]here the likelihood of any continuing menace to the public does not in reason exist, it has been recognized that the extraordinary measure of a preliminary injunction is not justified").

The Court finds that plaintiff's motion for emergency injunctive relief is moot based on the settlement of Gaddy.[4] To put it simply, the settlement of Gaddy has resolved any "emergency" caused by the parties' contractual dispute and Blitz will suffer no irreparable harm if its request for fees related to Gaddy is resolved as part of Blitz's broader claims against Liberty. The Court notes that Blitz also requests interim declaratory relief in its motion. However, the law is clear that a preliminary injunction is an extraordinary remedy to be used only in rare cases. While there is a case or controversy between the parties as to the proper interpretation of the insurance policy, there is no emergency and no need for the Court to consider plaintiff's request for interim declaratory relief. Plaintiff argues that the issues raised in its motion for emergency relief are capable of repetition and will evade review unless the Court rules on plaintiff's motion for emergency relief. Dkt. # 36, at 2. Plaintiff is incorrect. Plaintiff's request for interim declaratory relief mirrors its request for final declaratory relief, and there is no possibility that any issue will evade judicial

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

[4] Based on this finding, defendant's motion (Dkt. # 28) to strike plaintiff's motion for emergency relief is also moot.

5

review. Plaintiff also states that the Gaddy settlement has not been fully executed and there is a possibility that "the *Gaddy* case will be back in litigation mode triggering [Liberty's] defense obligations." Dkt. # 36, at 1 n.1. A final judgment has already been entered in Gaddy and, even if plaintiff believes it may be necessary to take steps to enforce the Gaddy judgment, this argument does not show that there is a live controversy as to the need for interim injunctive or declaratory relief in this case.[5]

Even if plaintiff's motion were not moot, the Court notes two issues that would likely preclude the issuance of interim injunctive relief. First, the non-payment of money is not ordinarily a sufficient basis to obtain interim injunctive relief, because this type of injury is remedied by a judgment on the merits. Heideman v. South Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003) ("simple economic loss usually does not, in and of itself, constitute irreparable harm"); Greater Yellowstone Coalition v. Flowers, 321 F.3d 1250, 1258 (10th Cir. 2003) (a party alleging irreparable harm must show a "*significant risk* that he or she will experience harm that cannot be compensated after the fact by monetary damages"). The primary relief sought in plaintiff's motion is monetary and plaintiff can recover any amount owed under the subject insurance policy upon final resolution of its claims. Although plaintiff nominally seeks declaratory relief in its motion for emergency relief, the declaratory relief would take the form an order compelling Liberty to pay any legal bills submitted by plaintiff and this is essentially monetary relief. Second, plaintiff's motion for interim relief requests all or substantially all of the relief sought in its complaint and this type of interim

---

[5] The Court also notes that plaintiff's reply was filed on March 23, 2011, and the judgment of dismissal in Gaddy was filed on March 2, 2011. Thus, it is clear that Gaddy was already dismissed when plaintiff filed its reply and the possibility that the Gaddy settlement would fall through had not occurred.

injunctive relief is disfavored. Westar Energy, Inc., 552 F.3d at 1224 (preliminary injunctions granting substantially all relief requested in complaint are disfavored); O Centro Espirita Beneficiente Uniao Do Vegetal, 389 F.3d at 977 ("a preliminary injunction that affords the movant substantially all the relief he may recover at the conclusion of a full trial on the merits" is disfavored and requires a heightened showing of a need for relief by the moving party). Plaintiff made no attempt to narrow the relief sought in its motion for interim injunctive relief to the alleged emergency, and the relief sought in plaintiff's motion was not appropriate for a motion for preliminary injunction. Plaintiff may file a motion for summary judgment under Fed. R. Civ. P. 56 at any time if it wishes to expedite a final ruling on its claims, but the Court will not preliminarily interpret the parties' insurance contract absent an actual emergency creating a need to prevent irreparable harm to plaintiff.[6]

**IT IS THEREFORE ORDERED** that Plaintiff's Verified Motion for Emergency Decree of Specific Performance or Alternative Injunctive Relief (Dkt. # 5) and Defendant Liberty Surplus Insurance Corporation's Motion to Strike Plaintiff's Verified Motion for Emergency Decree of Specific Performance or Alternative Injunctive Relief Evidence (Dkt. # 28) are **moot**.

**DATED** this 4th day of May, 2011.

                                                                       *Claire V. Eagan*
                                                                       CLAIRE V. EAGAN, CHIEF JUDGE
                                                                       UNITED STATES DISTRICT COURT

---

[6] Plaintiff is advised that each party is permitted to file only one motion for summary judgment unless the Court grants leave to file an additional motion for summary judgment. LCvR 56.1(a). The Court is not inclined to permit multiple motions for summary judgment by any party and plaintiff should be prepared to file only one motion for summary judgment asserting all of its arguments.